UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert David Schoonover,

                Plaintiff,

v.

Robert G. Merrelli, James M. Biernet, Sr.,
The Clerks of the Clinton Township District
and Macomb County Circuit Courts, Inc., and
Others Unknown,

                Defendants.
_____/

Case No. 08-10072
Honorable Nancy G. Edmunds

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Robert David Schoonover is a state prisoner currently housed at the Newberry Correctional Facility in Newberry Michigan. He has filed documents titled "Ex Parte Demand for Replevin, Release, and Relief," "Action for Personal Replevin," "Ex Parte Writ of Replevin for Immediate Pre-judgment Seizure and Possession," and an "Ex-Parte Amended and Pluries Writ of Personal Replevin and for Pre-Judgment Seizure and Quiet Possession (Seisen)." Also pending before the Court is a "Third-Party Verified Complaint and Demand for Order to Show Cause" filed by Plaintiff's mother, Elaine Sue Schoonover-Apple.

The defendants are various Macomb County and Macomb County Circuit Court personnel. The complaint challenges actions taken in connection with (1) Plaintiff's state criminal case in which he pleaded guilty to second-degree murder and (2) the

defendants' civil action against Plaintiff in Macomb County Circuit Court. The civil action sought to remove liens that Plaintiff placed on certain real and personal property belonging to county and township individuals and entities.

Plaintiff's pleadings in this Court seek to quash all warrants and judgments in the state civil and criminal actions and replevin of his property, "including, but not limited to, any and all blood, hair, reports of the same . . . , related instruments and notes (commercial paper), quiatus (relief from judgment) in these matters, and fees and costs." The third-party complaint seeks injunctive relief and money damages from two state prison wardens on the ground that they transferred Plaintiff from Saginaw Correctional Facility to the Newberry Correctional Facility on January 9, 2008.

## II. Discussion

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, a prisoner's civil action against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). Plaintiff has paid the full filing fee for this action, and § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Plaintiff's demands for replevin are frivolous and devoid of merit because replevin is an action to recover possession of goods unlawfully obtained or seized. *John J. Gamalski Hardware, Inc. v. Baird,* 298 Mich. 662, 667; 299 N.W. 757, 759 (1941). This Court has no jurisdiction to compel the defendants to return clothing, hair, and blood taken from Plaintiff pursuant to a warrant executed in his criminal case. The proper remedy for recovery of property seized as evidence in a criminal case is to file a motion in the trial court for return of property. *See People v. Washington*, 134 Mich. App. 504; 351 N.W.2d 577 (1984). And, to the extent that Plaintiff is challenging the very fact or duration of his physical imprisonment, his sole remedy is to file a federal application for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973).

Plaintiff also has no right to relief in connection with the defendants' lawsuit against him in Macomb County Circuit Court. "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). In other words, this Court has no jurisdiction "to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Moreover, a procedural due process claim based on deprivation of personal property fails to state a claim unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). "Michigan provides several adequate post-deprivation remedies. . . ." *Id.* at 480. For example, a civil action in state court for "claim and

delivery" may be brought under Mich. Comp. Laws § 600.2920 to recover possession of, and recover damages for, goods or chattels that have been unlawfully taken or detained. *Id*. Because there are adequate state remedies to redress the claimed wrongs, Plaintiff's property-deprivation claim has no merit.

### III. Conclusion

Plaintiff's allegations are unsubstantial, frivolous, and devoid of merit. Accordingly, his demands for replevin are summarily dismissed for lack of jurisdiction pursuant to Fed. R. Civ. Proc. 12(b)(1). The third-party complaint is dismissed, because Plaintiff has "no inherent constitutional right to placement in any particular prison," *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995), and no absolute right to visitation, *Bellamy v. Bradley,* 729 F.2d 416, 420 (6th Cir. 1984).

An appeal from this order would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not pursue an appeal from this order *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 6, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4